

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536  fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida

Leo V. Leyva
Member
Admitted in NJ and NY

Reply to New York Office
Writer's Direct Line: 646.563.8930
Writer's Direct Fax: 646.563.7930
Writer's E-Mail: lleyva@coleschotz.com

January 24, 2022

**Via CM/ECF Filing**
Honorable Elizabeth S. Stong
U.S. Bankruptcy Court, E.D.N.Y.
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East – Suite 1595
Brooklyn, NY 11201-1800

    Re:    *In re 99 Sutton LLC*, Case No. 21-43124 (ESS) (Bankr. E.D.N.Y.)

Dear Judge Stong:

    This firm is counsel to 99 Sutton Lender LLC ("Lender") with respect to the above-referenced matter pending before Your Honor in the United States Bankruptcy Court for the Eastern District of New York (the "Court").  In advance of the initial case management conference scheduled to occur before Your Honor next Friday, January 28, 2022, at 10:30 a.m. (ET) (the "Case Management Conference"), Lender deems it important to preview certain issues Lender has experienced and identified with respect to this case.

    Pursuant to certain financing agreements between 99 Sutton LLC (the "Debtor") and Lender, as successor in interest to Customers Bank, Lender was granted and retains a senior perfected security interest in and lien upon all property and assets of the Debtor, whether real or personal, tangible, or intangible, and whether now owned or hereafter acquired (collectively, the "Assets").  Prior to the filing of its chapter 11 petition, the Debtor was in default of its obligations to Lender.  By virtue of its perfected security interest and first lien, the proceeds, products, and profits derived from the Assets, if any, constitute cash collateral ("Cash Collateral"), as such term is defined in section 363(a) of title 11 of the United States Code (the "Bankruptcy Code").

    On no less than four (4) separate occasions since the commencement of this case, Lender has requested Debtor to provide it with, among other things, the identification and location of the Cash Collateral accounts, an accounting of any monies received by the Debtor, what monies were deposited into those accounts, and when Lender can expect the turnover of the Cash Collateral on account of its right to adequate protection under the Bankruptcy Code.  Indeed, in an effort to protect its collateral and facilitate a productive lender-borrower relationship in the context of this case, Lender provided Debtor with a draft cash collateral order on Monday, January 10, 2022.  As of the date hereof, however, Debtor has not responded to Lender's information and documentation requests or its proposed cash collateral order.

      As Lender made clear to the Debtor's counsel upon the filing of the case, Lender does <u>not</u> consent to the Debtor's use, sale, or other disposition of Cash Collateral unless and until a suitable from of order authorizing the use of Cash Collateral could be reached. Accordingly, the Debtor is (and has been since the case was filed) prohibited from using Cash Collateral in any manner and any use of Cash Collateral by the Debtor will violate (and if done to date, has violated) the express provisions of the Bankruptcy Code. Indeed, under the provisions of the Bankruptcy Code, the Debtor is not permitted to use Cash Collateral <u>unless and until</u> Lender has been provided with adequate protection in accordance with the sections 361 and 363 of the Bankruptcy Code. To date, the Debtor has not provided Lender with such adequate protection, nor has Lender received any offer as to adequate protection.

      In light of the foregoing, and a simple review of the docket showing little, if any, activity or progress in this single asset real estate case, Lender has serious concerns about the purpose of the case and its viability given the short window Debtor has to file a plan that has a reasonable possibility of being confirmed within a reasonable time. *See* 11 U.S.C. § 362(d)(3); *see also In re RYYZ, LLC*, 490 B.R. 29, 37 (Bankr. E.D.N.Y. 2013) (precluding the filing of a "token plan" to avoid the 90-day period set forth in section 362(d)(3) of the Bankruptcy Code).

      Lender reserves all rights against the Debtor with respect to, among other things, its rights under the loan documents and its Cash Collateral. That would include, among other relief, seeking dismissal of the case or the appointment of a chapter 11 trustee. We look forward to discussing the foregoing with Your Honor at the Case Management Conference.

      Respectfully submitted,

      COLE SCHOTZ P.C.

      */s/ Leo V. Leyva*

      Leo V. Leyva

cc:    Brian J. Hufnagel, Esq.
        Jeremy S. Sussman, Esq.