MORRISON TENENBAUM PLLC
Counsel to the Debtor
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                        Chapter 11

99 SUTTON LLC,                                                Case No. 21-43124 (ESS)


                          Debtor.
-------------------------------------------------------------X

## MOTION PURSUANT TO BANKRUPTCY RULE 9019(a) AND SECTIONS 105(a) AND 364 OF THE BANKRUPTCY CODE FOR APPROVAL OF SETTLEMENT

99 Sutton LLC (the "Debtor"), by its counsel Morrison Tenenbaum PLLC, hereby submits

this motion ("Motion") for an Order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy

Procedure ("Bankruptcy Rule") and Sections 105(a) and 364 of Title 11, United States Code

("Bankruptcy Code") approving the terms of the various documents modifying the terms of the

debt (collectively, the "Loan Modification Documents"), related to that certain real property

located at 99 Sutton Street, Brooklyn, New York 11222 (the "Property"), which Loan Modification

Documents are annexed to this Motion.  In support of this Motion, the Debtor represents as follows:

### JURISDICTION AND VENUE

1.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The

subject matter of this Motion is a "core proceeding" within the purview of, without limitation, 28

U.S.C. § 157(b)(2)(A), (B) and (D).  The statutory predicate for the relief sought by the Motion is Sections 105(a) and 364 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## BACKGROUND

2.       On December 20, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and thereafter, continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  No receiver, examiner or creditor's committee has been appointed.

3.       The Debtor owns the apartment building located at 99 Sutton Street, Brooklyn, NY 11222 (the "Property") which consists of 63 units and has a monthly rental income of $151,795.

4.       The Debtor's bankruptcy filing was precipitated by a dispute between the Debtor and the predecessor to the Sutton Lender, Customers Bank, regarding the repayment of real property taxes advanced by Customers Bank on behalf of the Debtor.

5.       The Debtor filed chapter 11 in order to resolve claims of all creditors in one forum and reorganize and propose a plan to pay its creditors.

6.       On January 27, 2022, the Court entered an order setting March 28, 2022 as the last date for the filing of proofs of claim.  Four creditors have filed claims as follows:

| Claimant | Claim Number | Amount |
|---|---|---|
| NYS Dept of Tax & Finance | 1 | $1,569.56 |
| Consolidated Edison Company of New York, Inc. | 2 | $4,507.45 |
| Internal Revenue Service | 3 | $18,362.29 |
| 99 Sutton Lender LLC | 4 | $20,780,703.61 |

7.          On January 27, 2022, the Debtor filed an application to use the cash collateral of 99 Sutton Lender.  The parties negotiated an agreed form of cash collateral order, and on February 23, 2022, the Court entered a final order authorizing the use of cash collateral (the "Cash Collateral Order").

8.          The Cash Collateral Order, among other things, required the Debtor to file a plan of reorganization that provides for payment in full of the obligations to 99 Sutton Lender on or before April 21, 2022 and that the Debtor pay the obligations in full pursuant to the plan on or before August 1, 2022.

9.          The Debtor filed its chapter 11 disclosure statement and plan on April 20, 2022.

10.          Meanwhile settlement negotiations continued between the parties.

11.          On January 18, 2022, the 99 Sutton Lender commenced an action against the Debtor's principal Joseph Torres on his personal guaranty in the New York State Supreme Court, New York County by Summons and Notice of Motion for Summary Judgment in Lieu of Complaint, in the New York State Supreme Court, Kings County (the "State Court"), under Index No. 501674/2022 (the "Guaranty Action").

12.          On February 17, 2022, the Guaranty Action was removed from the State Court to the United States District Court for the Eastern District of New York where it was designated Case No. 1:22-cv-00884 and assigned to United States District Judge Brian M. Cogan.

13.          On or about May 3, 2022, the parties finalized their settlement agreement which is described further below.

### SUMMARY OF LOAN MODIFICATION SETTLEMENT

14.          The Debtor, 99 Sutton LLC, and Joseph Torres ("Borrower Parties") entered into a pre-negotiation agreement with 99 Sutton Lender LLC ("Lender") on or about March 17

3

2022 to facilitate negotiations regarding a restructuring and settlement of the existing mortgage loan that was in default. Extensive negotiations between the parties followed, resulting in a resolution pursuant to which the parties finalized a closing in escrow on May 6, 2022 with the title company acting as escrow agent. The Debtor and Lender memorialized the terms and conditions pursuant to which the escrow closing would become a final closing in accordance with the escrow direction letter dated May 6, 2022, attached as Exhibit B ("Escrow Agreement").

15.     Pursuant to the Escrow Agreement, Debtor executed and delivered certain documents related to the loan settlement, as enumerated on Exhibit C to the Escrow Agreement. The Debtor  caused the Closing Funds in the amount of $3,702,134.48 to be funded in accordance with the Closing Statement attached to the Escrow Agreement. Those Closing Funds included, among other things, payment of Default Rate Interest in the sum of $2,175,159.65, per diem interest in the sum of $13,666.19 and reimbursement of a Protective Advance made by Lender in the sum of $967,206.31.

16.     The settlement stopped the accrual of Default Rate Interest as of May 6, 2022. As a result of the closing of the settlement, the loan will be back in good standing. The agreed upon new principal balance of the loan is $17,270,344.31 bearing interest at the rate of 12% per annum.

17.     The initial loan maturity date will be twelve (12) months from the date the closing becomes final. Borrower also has the option to extend the maturity date for an additional six (6) month term in accordance with Paragraph 40 of the Amended and Restated Mortgage and Security Agreement. Pursuant to the Amended and Restated Note, Borrower shall pay on a monthly basis $35,000.00 in principal and interest at minimum of 6% per annum, as calculated according to the formula set forth in the Amended and Restated Note. Net income generated on a

monthly basis by the Debtor will be swept into a third party control account to fund, in part, monthly interest payments. The loan will continue to be secured by the personal guarantees of Mr. Torres, and a pledge of the equity of the Debtor, UCC- 1 financing statements on the Debtor's other assets and other security devices as enumerated in the deliverables list (Exhibit C to Escrow Agreement).

18.     The Closing Conditions include the Bankruptcy Court entering an order granting these motions.

19.     The Loan Modification Documents are annexed hereto as follows:

    a.  Exhibit A – Omnibus Amendment to Loan Documents and Reaffirmation of Guaranties

    b.  Exhibit B – Escrow Direction Letter

    c.  Exhibit C – Amended and Restated Note

    d.  Exhibit D – Amended and Restated Mortgage and Security Agreement

    e.  Exhibit E – Sole Member Pledge and Security Agreement

## RELIEF REQUESTED

20.     By this Motion, the Parties seek the entry of an Order approving the settlement pursuant to sections 105(a) and 364 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

21.     The Debtor has concluded that the proposed settlement is in the best interests of the Debtor's estate.  In reaching that conclusion, the Debtor considered, among other things, the relative strength of the positions asserted by the Debtor and the cost, expense, and delay associated with further litigating this matter.

22.        Bankruptcy Rule 9019 provides the bankruptcy court with authority to "approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).   "Compromises are favored in bankruptcy" because they minimize the costs of litigation and further the parties' interesting in expediting administration of a bankruptcy estate.  In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).

23.        In determining whether to approve a settlement, the bankruptcy court considers all facts surrounding the controversy and the likelihood of success on the merits by the debtor as well as the cost, complexity and timing of the litigation.  Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); In re Drexel Burnham, Lambert Group, Inc., 960 F.2d 285, 292 (2d Cir. 1992); In re Rosenberg, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009).   The interests of creditors in maximizing their recovery in an important consideration.  Nellis v. Shugrue, 165 B.R. 115, 122 (S.D.N.Y. 1994); In re Rosenberg, 419 B.R. at 536.  Approval of a settlement under Bankruptcy Rule 9019 requires a determination by the bankruptcy court as to whether the settlement is fair, equitable and in the best interest of the estate.  In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991); In re Rosenberg, 419 B.R. at 536; O'Connell v. Margolis (In re Hilsen), 404 B.R. 58, 69-70 (Bankr. E.D.N.Y. 2009).

24.        Specifically, in determining whether to approve a settlement, the bankruptcy court's responsibility is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."  In re Drexel Burnham Lambert Group, Inc. at 497; In re Hilsen, 404 B.R. at 70.

25.        The factors relevant in assessing the reasonableness of a settlement are:  (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with attendant expense, inconvenience, and delay,

including the difficulty in collecting on the judgment; (3) the interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining. In re Iridium Operating LLC, 478 F.3d 452, 462 (2d Cir. 2007); In re Rosenberg, 419 B.R. at 536-537; In re Hilsen, 404 B.R. at 71.

26.    Applying the above factors to the facts herein, the settlement is reasonable, is fair and equitable and in the best interests of all parties in interest.

27.    The settlement was the result of extensive negotiations among experienced counsel for the Parties and resolves the remaining issues needed for administration of the Debtor's estate.

28.    The Debtor further submits that the settlement contained in the Motion should also be approved since granting such relief is well within the sound discretion of the Bankruptcy Court and is in the best interests of the Debtor's estate.

29.    Notice of the Motion has been given to the United States Trustee, all creditors, and those persons requesting notice under Bankruptcy Rule 2002(i).

**WHEREFORE**, the Debtor respectfully requests that, pursuant to Bankruptcy Rule 9019(a) and Sections 105(a) and 364 of the Bankruptcy Code, this Bankruptcy Court approve the terms of the settlement and grant such other and further relief as is just and proper.

Dated: New York, New York
      May 4, 2022

                    MORRISON TENENBAUM PLLC

                    By:____*/s/ Brian J. Hufnagel*_____
                    Lawrence F. Morrison
                    Brian J. Hufnagel
                    87 Walker Street, Floor 2
                    New York, New York 10013
                    Tel.: (212) 620-0938
                    *Counsel for the Debtor*
                    lmorrison@m-t-law.com
                    bjhufnagel@m-t-law.com